AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

A White Apple iPhone seized by the FBI from the person of MICHAEL WHITE on October 19, 2021, as further described in Attachment A.

21-MJ- 690

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*: A White Apple iPhone seized by the FBI from the person of MICHAEL WHITE on October 19, 2021, as further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, Matters to be Searched and Seized, which attachment is incorporated by reference as if fully set forth herein, all of which are evidence of violations of Title 18, United States Code, Section 2422(b).

**YOU ARE COMMANDED** to execute this warrant on or before  November 2, 2021
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Mark W. Pedersen.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*.    ☐ until, the facts justifying, the later specific date of _____.

The search shall be conducted in accordance with the protocol set in the attached Addendum.

Date and time issued: October 19, 2021, at 3:02 p.m.     _____
*Judge's signature*

City and State:  Rochester, New York     Mark W. Pedersen, U.S. Magistrate Judge
*Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 21-MJ-688 690 | Date and time warrant executed: 10/14/2021 4:42 PM | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of: N/A

Inventory of the property taken and name of any person(s) seized:

Indicated device was delivered to the Buffalo, NY location of the Western New York Regional Computer Forensic Laboratory.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/20/2021

*Executing officer's signature*

SA Kemble A. Jensen Jr.
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The SUBJECT DEVICE, an Apple iPhone, white in color with a blue case, seized from the person of Michael White on October 19, 2021. The unlocked welcome screen of the iPhone indicates that the phone uses AT&T cellular service.

## ATTACHMENT B

### Matters to be searched and seized

The SUBJECT DEVICE for information that constitutes evidence, fruits or instrumentalities of violations of 18 U.S.C. § 2242(b), including:

a. All records and data concerning the sexual exploitation of minors, including emails, text messages and any other form of communication, videos and images, browsing histories and logs, and call detail records;

b. All records and data indicating how, when and where the SUBJECT DEVICE and associated cellular service were used in furtherance of the sexual exploitation of minors;

c. Records sufficient to establish the identity of the person(s) who owned and/or used the SUBJECT DEVICE.

(Final Version 07/2020)

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

1. The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court. *United States v. Smith*, No. 17-2446-CR, 2020 WL4290005, at *4 (2d Cir. July 28, 2020).

2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3. Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4. In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5. If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6. Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7. Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.